IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVE JOHNSON                              :

   v.                                      :  Civil Action No. DKC 10-0582

PRINCE GEORGE'S COUNTY,                    :
MARYLAND, et al.                           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is the unopposed motion for bifurcation and stay of discovery filed by Defendant Prince George's County, Maryland ("the County"). (ECF No. 35). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the County's motion will be granted.

**I.  Background**

The relevant facts of this case were set forth in a prior memorandum opinion (ECF No. 29), and will be repeated here only briefly. Early on the morning of September 5, 2009, Prince George's County Police Officers Ruben Paz and Richard Clark responded to a call complaining of disorderly conduct at 7625 Ingrid Place in Landover. Plaintiff Steve Johnson was sprayed in the face with Oleoresin Capsicum ("O.C.") spray. Johnson was then arrested and criminally charged. Those charges were later dismissed *nolle prosequi*.

On April 26, 2010, Plaintiff filed an amended complaint against Officer Paz and the County. (ECF No. 22). As to Officer Paz, the complaint asserted causes of action for assault, battery, negligence, and false arrest in violation of 42 U.S.C. § 1983. Plaintiff further alleged that Officer Paz and/or the County were liable under § 1983 for excessive force, arrest without probable cause, and because of the County's policy and practice of failing properly to hire, train and supervise its police officers.

On April 23, 2010, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 20). The court dismissed Plaintiff's claims against Defendant Prince George's County for punitive damages on March 1, 2011. (ECF Nos. 29, 30). On March 14, 2011, Defendants filed their answer (ECF No. 31) and, on July 1, 2011 they filed the pending motion for bifurcation and stay of discovery (ECF No. 35).

**II. Motion for Bifurcation and Stay of Discovery**

    **A.    Standard of Review**

Under Fed.R.Civ.P. 42(b), "[f]or convenience to avoid prejudice, or to expedite and economize," the court may order separate trials of any claims or issues. The court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if

clearly abused. *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.), *cert. denied*, 510 U.S. 915 (1993).

**B. Analysis**

The County argues that bifurcation is appropriate because Plaintiff cannot prevail against the County unless and until he prevails against Officer Paz. The County maintains that bifurcation will speed the discovery and trial processes and conserve the resources of both parties. It further argues that if bifurcation is not permitted, Defendant Paz could be improperly prejudiced by evidence of incidents involving other officers that Plaintiff might introduce to show that the County had a custom or policy of tolerating the use of excessive force. Further, the County argues that it may be prejudiced if prior actions or complaints against Officer Paz were introduced into evidence. Thus, according to the County, all claims against Officer Paz should be tried initially; the remaining claims against the County, if still viable, should be resolved at a second trial; and discovery as to the County's liability should be stayed pending the outcome of the first trial.

Plaintiff has not filed any opposition to the motion.

Absent any compelling argument by Plaintiff, bifurcation of the § 1983 claim against the County and a stay of discovery are warranted.

## III. Conclusion

For the foregoing reasons, the motion for bifurcation and stay of discovery will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge